398 So.2d 1122 (1981)
STATE of Louisiana
v.
ROLLINS ENVIRONMENTAL SERVICES OF LOUISIANA, INCORPORATED.
No. 80-K-2968.
Supreme Court of Louisiana.
May 18, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Prem Chumbley, and Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-relator.
Sera H. Russell, III, Baton Rouge, for defendant-respondent.
WATSON, Justice.[*]
This is a criminal prosecution against Rollins Environmental Services of Louisiana, Inc. for the keeping and burning of substances offensive to smell and/or injurious to health contrary to the East Baton Rouge Parish Code.[1] The trial court quashed the twelve bills of information because of lack of jurisdiction on the ground that state law has preempted the field of hazardous waste regulation. A writ was granted to review the ruling.
*1123 The issues are: (1) whether the state has exclusive jurisdiction in the field of hazardous waste; and (2) if so, whether the parochial ordinance impinges on that jurisdiction.
Rollins Environmental Serv. v. Iberville Parish[2] declared a parochial ordinance against hazardous waste unconstitutional as an attempt to regulate a field which had been preempted by the state and federal governments.[3] At that time, Act 334 of 1978[4] gave the State Department of Natural Resources "... exclusive jurisdiction for the development, implementation, and enforcement of a comprehensive state hazardous waste control program consistent with... federal laws and regulations." LSA-R.S. 30:1103(A).
Since Rollins, supra, the Louisiana Hazardous Waste Control Law[5] has replaced the prior legislation, but the Department of Natural Resources has the same "exclusive jurisdiction". LSA-R.S. 30:1134(A). The Louisiana Hazardous Waste Control Law was amended by Act 748 of 1980, effective September 12, 1980, to provide:
"... the State shall have exclusive jurisdiction over the generation, transportation and/or disposal of hazardous wastes and no subordinate political subdivision of this state shall enact, pass, or otherwise approve any ordinance or other regulatory measure regulating or purporting to regulate any activity pertaining to the generation, transportation and/or disposal of hazardous wastes...." LSA-R.S. 30:1136(C).
The 1980 amendment took effect after this prosecution was initiated in July of 1980. However, it only adds greater specificity to the exclusive jurisdiction conferred by
LSA-R.S. 30:1134(A), supra. The legislative intention is clear. The State of Louisiana has exclusive jurisdiction over the regulation of hazardous waste.
"Hazardous waste" is defined as follows:
"... any waste, or combination of wastes, which because of its quantity, concentration, physical, chemical, or infectious characteristics may (a) cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating reversible illness or (b) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed. Such definition shall be applied only to those wastes identified and designated as such by the department, consistent with applicable federal laws and regulations." LSA-R.S. 30:1133(2) [emphasis added].
Thus, the designation of "hazardous waste" does not apply to all health hazards but only those identified by the department as constituting a "hazardous waste". Another section of the law, LSA-R.S. 30:1138(A)[6] provides that objective criteria for identifying hazardous wastes shall be established.
Rollins contends that the offensive matter for which it is being prosecuted is a hazardous waste. However, there is no stipulation to this effect. Nothing in the record shows that the objectionable substances at Rollins have been identified by the Department of Natural Resources as hazardous wastes, and there is no evidence that the noxious odors stem from hazardous wastes. The Parish has authority to regulate the keeping and burning of other debris under LSA-R.S. 33:1236(31). That section of the statute allows police juries:

*1124 "To enact ordinances to require, prohibit or regulate the destruction, disposal, or burning of trash, garbage, leaves, limbs and branches, or debris of any kind and to regulate dumping and the use of borrow pits for sanitary fill. However, no parish or municipality shall engage in any regulation of the generation, transportation and/or disposal of hazardous wastes other than the initial siting of facilities pursuant to general land use planning, zoning, or solid waste disposal ordinances."
In the Iberville Parish Rollins case, the parish ordinance undertook to regulate "Hazardous Waste" itself, 371 So.2d 1127 at 1129. Here, that conflict with state law does not appear on the face of the ordinance. In the absence of evidence that the debris disposed of by Rollins has been classified by the Department of Natural Resources as a hazardous waste, prosecution under the parish ordinance does not infringe on the State's area of authority.
For the foregoing reasons, the judgment of the trial court herein is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Judges O. E. Price and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, and Judge G. William Swift, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Dennis and Watson.
[1] Title 12, Section 501, subsections (1) and (2), which provide:

"All persons, firms or corporations are forbidden from:
"(1) Allowing, keeping, throwing, dropping or depositing any ordure, excrement, offal, filth, manure, foul and offensive matter, stagnant, corrupt or putrid water, dead animals or fowls, shells, hay, straw, kitchen stuff, paper, cloth or any substance of any kind which may be offensive to the smell or injurious to health, in any private yard, tract of land, lot, room or on any sidewalk, road, street, alley, public right of way, or any public place, or in any drainage channel within the parish; or
"(2) From burning any such substance, automobiles or other material in such a manner as to be offensive to the smell or injurious to health. The burning of wrecked or discarded automobiles shall be done only in designated open spaces or incinerator enclosures approved for burning by the building official."
[2] 371 So.2d 1127 (La., 1979).
[3] Federal law allows the states and political subdivisions to regulate hazardous wastes as long as their requirements are not "less stringent" than the federal provisions. 42 U.S.C.A. § 6929.
[4] LSA-R.S. 30:1101-1116.
[5] Act 449 of 1979, effective January 1, 1980, LSA-R.S. 30:1131-1149.
[6] LSA-R.S. 30-1138(A) provides:

"The commission shall develop, consistent with federal regulations, objective criteria for identifying characteristics of hazardous wastes and for listing the hazardous wastes which shall be subject to the provisions of this Part."